IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Laura Jean Kirsch, | ) | C.A. No. 8:08-3088-HMH |
| | ) | |
| Plaintiff, | ) | **OPINION & ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Horace Mann Mutual Insurance Company, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on the parties' joint motion to remand. The Plaintiff originally filed suit in the Court of Common Pleas of Pickens County, South Carolina. The complaint alleges a bad faith claim against the Defendant and does not specify the amount of damages the Plaintiff is seeking. On September 9, 2008, the Defendant removed the case to federal court on the basis of diversity jurisdiction. See 28 U.S.C. § 1332. In the motion to remand, the parties state that "the amount in controversy in this case is less than $75,000.00." (Joint Mot. Supp. Remand 1.)

Without a basis for federal subject matter jurisdiction, the court must remand the case to state court. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). A post-removal event, such as amending a complaint in order to reduce the amount in controversy below the jurisdictional limit, does not deprive a federal court of diversity jurisdiction. See St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 292 (1938); see also Shanaghan v. Cahill, 58 F.3d 106, 112-13 (4th Cir. 1995) (recognizing that under 28 U.S.C. § 1367 retaining state law claims in a diversity action after a post-removal event reduces the amount in controversy below

1

the jurisdictional limit is a matter within the sound discretion of the district court). Nevertheless, various jurisdictions have found that a post-removal stipulation "that damages will not exceed the jurisdictional minimum can be considered as a clarification of an ambiguous complaint, rather than a post-removal amendment of the plaintiff's complaint." See Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3725, at 118 (3rd ed. 1998); see also Ferguson v. Wal-Mart Stores, Inc., No. 94-2696, 1994 WL 653479, at *2 (D.S.C. Nov. 15, 1994) (unpublished) (remanding case when the plaintiff alleged an unspecified amount of damages and clarified the amount of damages sought was below the jurisdictional amount by filing a post-removal stipulation); Gwyn v. Wal-Mart Stores, Inc., 955 F. Supp. 44, 46 (M.D.N.C. 1997) ("A post-removal stipulation or amendment of the complaint to allege damages below the jurisdictional amount will not destroy federal jurisdiction once it has attached. However, when facing indeterminate claims, . . . the court may consider a stipulation filed by the plaintiff that the claim does not exceed" the jurisdictional amount. (Internal citation and quotation marks omitted.)); Compare Woodward v. Newcourt Commercial Fin. Corp., 60 F. Supp. 2d 530, 532-33 (D.S.C. 1999) (distinguishing Ferguson).

The court interprets the parties' statement as to the amount in controversy in the motion as a stipulation that the Plaintiff cannot recover a total amount of actual and punitive damages exceeding the sum of $75,000.00, exclusive of interest and costs. Accordingly, the court is without subject matter jurisdiction and remands the case to the state court.

It is therefore

**ORDERED** that the joint motion to remand is granted. The court instructs the Clerk of Court to remand this case to the Court of Common Pleas of Pickens County, South Carolina. Furthermore, with respect to all claims, the Plaintiff is barred from recovering a total amount of actual and punitive damages exceeding Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
June 10, 2009